[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Leo McHugh was an employee of the defendant Supreme Lake Manufacturing, Inc. The plaintiff was injured on the job when his finger was caught and crushed in an automatically operated screw machine. The plaintiff alleges that the injury would not have occurred if the defendant had allowed the proper installation of a hand wheel that could be used to manually adjust the cam and reverse the machine in the event that something got caught. The defendant moves for summary judgment on the grounds that the workers' compensation act provides the exclusive remedy to compensate the plaintiff for his personal injuries. The plaintiff opposes summary judgment based on the exception to the workers' compensation act for intentional conduct by the employer that "made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." Suarez v. Dickmont Plastics Corp., 242 Conn. 255, 258698 A.2d 838 (1997) (Suarez II), referring to Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 106, 639 A.2d 507 (1994) (Suarez I).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The party seeking summary judgment has the burden of showing the absence of CT Page 2532 any genuine issue of material fact, such that he is entitled, under principles of substantive law, to a judgment as a matter of law. Id.
In ruling on a motion for summary judgment, the court's function is not to decide the issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). Summary judgment is appropriate only if a fair and reasonable person could conclude only one way, based on the substantive law and the undisputed material facts. Miller v. United TechnologiesCorp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
The court is aware that in Suarez II, the Supreme Court, in a case similar to this one, reviewed the evidence that was presented to the jury and found it insufficient as a matter of law to meet the substantial certainty test. The court is further aware that in Suarez I, the Supreme Court reversed the trial court's decision to grant summary judgment to the defendant. In doing so the court reiterated that intent is ordinarily a question of fact. Id., 111.
At this stage, the instant case is in the same posture as Suarez I. The reasonable inferences to be drawn from the facts are disputed. As the Supreme Court stated in Suarez I, supra,
 Thus, whether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury. This case undoubtedly raises an issue of material fact regarding the defendant's conduct toward the plaintiff and the defendant's knowledge that the plaintiff's injury was substantially certain to occur. Nonetheless this court cannot conclude that there is no material fact in dispute. The entire issue of what the employer intended by its conduct remains a disputed factual issue.
Id.
Accordingly, the Motion for Summary Judgment is denied.
______________________________ Patty Jenkins Pittman, Judge CT Page 2533